**Stephen J. BODNAR, T.E. Blankenship, B.E. Welch, and Willis T. Champion, Plaintiffs,**

v.

**SYNPOL, INC., Defendant.**

**Civ. A. Nos. B–84–424–CA, B–84–931–CA.**

United States District Court, E.D. Texas, Beaumont Division.

Feb. 26, 1986.

H.P. Wright, Wright & Pitre, Port Neches, Tex., for plaintiffs.

T.J. Wray, Fulbright & Jaworski, Houston, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

The defendant moved for partial summary judgment which, if granted, would dispose of the entire case excepting a claim by plaintiff Bodnar. The other claims made by the plaintiffs are in essence constructive discharge or forced retirement claims.

The court for purposes of this opinion assumes that plaintiff Bodnar's claim for constructive discharge is properly before the court, although the defendant in its brief and at oral hearing argued that this was not the case. However, because this court finds that none of the plaintiffs in this cause can bring a cause of action based on constructive discharge or forced retirement as a matter of law, the court does not decide whether plaintiff Bodnar's claim is properly before the court.

### FACTS

Synpol, Inc., is a subsidiary of Uniroyal, Inc. In 1983, Synpol faced deteriorating business conditions, and accordingly, Synpol's management began attempting to reduce costs. A three-fold plan was devised to reduce the corporation's expenses. One part of this plan, the focus of this litigation, was the Special Early Retirement Incentive Program (SERIP).

#### The SERIP Plan.

Under the SERIP plan, certain non-union, salaried employees who were eligible for early retirement under the company's pension plan; i.e., had reached age 55 and had ten years' service; were to be offered an additional financial incentive to voluntarily elect early retirement. The retirement date was to be effective no later than November 1, 1983. The only eligible employees not offered SERIP were those deemed essential to the operation. A total of twenty-eight (28) persons were offered SERIP on September 27 and 28, 1983. These employees were given approximately 14 days to accept or reject the offer.

The amount of the incentive varied somewhat depending on years of service and

annual base salary. The formula was as follows:

(a) A fixed sum in the amount of $10,000; plus

(b) A variable sum equal to the number of years of service times 1% of annual base salary.

The incentive was to be paid in one lump sum.

The plan was discussed individually with each of the twenty-eight (28) employees to whom it was offered. It is not known whether any one of the 28 employees knew which other employees were offered the plan were. Each employee was advised of the exact amount of the incentive payment in his or her case. The company representative advised that there was an economic need to cut back operating costs, and that salary costs had to be reduced. It was explained that if an insufficient number of employees elected SERIP, other means of salary cost reduction would be considered; i.e., employee termination. Although no decision had been made determining which employees would be terminated if a reduction became necessary, the employees were told that their jobs could not be guaranteed. It was emphasized that their job performance had not been considered in selecting them for the SERIP offer. It was further emphasized that the decision to accept or reject SERIP was solely their choice.

During the following weeks, twenty-one (21) of the 28 employees accepted the offer. Each of these 21 employees, including plaintiffs, signed a SERIP. This SERIP agreement expressly provides:

## SPECIAL EARLY RETIREMENT INCENTIVE PROGRAM AGREEMENT

This Agreement is entered into this _____ day of _____, 1983, between SYNPOL, INC., the "Employer" and _____, the "Employee." The Employer and Employee mutually desire to enter into this Agreement whereby the Employee voluntarily elects early retirement under the Employer's retirement plan in consideration of an additional sum of money, specified in paragraph 2, below.

1. The employee's retirement will become effective on _____, 1983. The employee will thereafter receive his or her monthly retirement allowance as provided in the Pension Program for Non-Union Employees.

2. In addition to the monthly retirement allowance described in paragraph 1, above, the Employee will receive $_____ in one lump sum payment.

3. The employee releases and discharges SYNPOL INC., its officers, agents and successors from any and all claims arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., The Age Discrimination in Employment Act, 29 U.S.C. 621 et seq.

4. The employee has read this Agreement, understands its terms and the release in it and voluntarily accepts its provisions.

_____        _____
For the Employer                        Employee

Date: _____, 1983.

As a result of the 21 acceptances, a further reduction in force proved unnecessary. The seven (7) employees who declined early retirement under SERIP are still employed with the company. All of the plaintiffs executed a SERIP agreement.

## VALIDITY OF THE RELEASES

This court finds controlling *Rogers v. General Electric Co.*, 781 F.2d 452 (5th Cir.1986). In *Rogers,* the Fifth Circuit upheld the granting of summary judgment based on a release of Title VII claims, that

occurred on or before the date the release was executed. Although the release in *Rogers* released only Title VII claims, it is clear that the standards set forth in *Rogers* are equally applicable for determining the validity of any release which discharges the employer's liability from claims of employment discrimination, be they claims of race, gender or age discrimination.

As in *Rogers*, the summary judgment proof establishes that the plaintiffs knowingly and voluntarily executed the release. At least one plaintiff, T.E. Blankenship, stated on deposition that the SERIP agreement was "a document signing any rights I might have away". Additionally, plaintiff Bodnar's agreement was modified at his request to exclude the discrimination charge. This modification evidences the voluntary nature of the releases.

Also, like the *Rogers* release, the agreement is clear and unambiguously worded and uses the term "Release" in its text.

The plaintiffs were also given ample time to seek legal advice, or to otherwise consider the SERIP plan. The plaintiffs have not introduced any evidence that the defendant unduly influenced or defrauded the plaintiffs of their rights.

It is therefore the opinion of this court that partial summary judgment be granted in favor of the defendants.